UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | SEALED INDICTMENT |
| - v. - | : | S5 12 Cr. 439 |
| JOAQUIN ARCHIVALDO GUZMAN-LOERA,<br>   a/k/a "El Chapo,"<br>   a/k/a "Chapo Guzman," | :<br><br>: | |
| Defendant. | : | |

------------------------------------- x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/23/14

## COUNT ONE

### COCAINE IMPORTATION CONSPIRACY

The Grand Jury charges:

1.    From in or about October 2008, up to and including in or about January 2014, in an offense committed outside the territorial jurisdiction of the United States, JOAQUIN ARCHIVALDO GUZMAN-LOERA, a/k/a "El Chapo," a/k/a "Chapo Guzman," the defendant, who will first enter the United States in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.    It was a part and an object of the conspiracy that JOAQUIN ARCHIVALDO GUZMAN-LOERA, a/k/a "El Chapo," a/k/a "Chapo Guzman," the defendant, and others known and unknown, would and did distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States, in violation of Sections 812, 959(a)

& (c), and 960(a)(3) of Title 21, United States Code.

3. The controlled substance involved in the offense was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Section 960(b)(1)(B) of Title 21, United States Code.

(Title 21, United States Code, Section 963.)

FORFEITURE ALLEGATION

4. As a result of committing the controlled substance offense alleged in Count One of this Indictment, JOAQUIN ARCHIVALDO GUZMAN-LOERA, a/k/a "El Chapo," a/k/a "Chapo Guzman," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds that the defendant obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Count One of this Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offense described in Count One of this Indictment.

Substitute Assets Provision

5. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third person;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970.)

_____  
FOREPERSON

_____  
PREET BHARARA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOAQUIN ARCHIVALDO GUZMAN-LOERA,
a/k/a "El Chapo,"
a/k/a "Chapo Guzman,"

Defendant.

## SEALED INDICTMENT

S5 12 Cr. 439

(21 U.S.C. § 963.)

Preet Bharara
United States Attorney.

1/23/14 FIJ Sealed Ind [signature] M/W ordered

Mag Judge
Dolinger